**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4272

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHELE WILKINS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District Judge.  (7:05-cr-00253-HMH-5)

Submitted: November 15, 2006          Decided:  November 20, 2006

Before WIDENER, WILKINSON, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Fletcher N. Smith, Jr., Greenville, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Regan A. Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michele Wilkins appeals her thirty-month sentence imposed after she pleaded guilty to being an accessory after the fact to possession with intent to distribute more than 500 grams of cocaine. On appeal, she argues that her sentence is unreasonable because a co-defendant charged with the same crime and with a similar criminal history received a sentence of probation. Finding no error, we affirm.

This court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 200, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate guideline range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then should consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and determine an appropriate sentence. Davenport, 445 F.3d at 370. A sentence imposed within the properly calculated guideline range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). If a court imposes a sentence outside the guideline range, it must state its reasons for doing so. Hughes, 401 F.3d at 546.

First, we find Wilkins' sentencing disparity argument to be without merit because she was not similarly situated to her

co-defendant, Marielena Martinez.   Wilkins accepted a less favorable guilty plea agreement, placing her in a higher offense level, and Martinez received a downward departure for providing substantial assistance to the Government, which Wilkins did not receive.  Because the district court adequately explained the basis for its sentencing decision, taking into consideration Wilkins' arguments, we conclude that the resulting 30-month sentence was reasonable.  See United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006), petition for cert. filed, ___ U.S.L.W. ___ (U.S. July 21, 2006) (No. 06-5439); Green, 436 F.3d at 457.  Accordingly, we affirm Wilkins' sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED